**IT IS ORDERED as set forth below:**



**Date: October 2, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| LESLIE DIONNE HUGHES, | : | 17-52260-LRC |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

### ORDER

On August 12, 2020, the Court entered an order (the "First Order") in the above-captioned bankruptcy case. (Doc. 150). The First Order denied Debtor's objection (Doc. 39) (the "Objection") to a proof of claim filed by Seterus, Inc. ("Seterus") as authorized subservicer for Federal National Mortgage Association ("FNMA") (Claim Number 3-1) (the "Claim"); granted a motion for relief from the automatic stay filed by FNMA (Doc. 33) (the "Motion for Relief"); and found that Debtor's proposed Chapter 13 plan (Doc. 46) (the "Plan") was confirmable. On August 13, 2020, the Court entered a standard

confirmation order confirming the Plan (the "Confirmation Order") (Doc. 151).

On September 30, 2020, Debtor filed a Combined Emergency Motion (Doc. 157) (the "Motion"), seeking an extension of the time for filing a notice of appeal, presumably of the First Order and the Confirmation Order, and a stay pending appeal. The Motion must be denied. First, Debtor failed to file a certificate of service indicating service of the Motion on FNMA and the Chapter 13 Trustee. Second, as to the request for an extension of time for filing a notice of appeal, the Court lacks authority to grant the relief requested. Third, the Motion sets forth no cause as to why the Court should grant a stay pending appeal.

Pursuant to Rule 8002 of the Federal Rules of Bankruptcy, a notice of appeal is timely if "filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). As to the First Order, the time for filing a notice of appeal was August 26, 2020, and, as to the Confirmation Order, the time for filing a notice of appeal was August 27, 2020. Under Rule 8002(d), this Court may extend the deadline for filing an appeal if the motion for extension is filed prior to the expiration of the deadline. Fed. R. Bankr. 8002(d)(1)(A). Additionally, the Court can extend the deadline upon a finding of excusable neglect if the motion is filed within 21 days of the expiration of the deadline. Fed. R. Bankr. P. 8002(d)(1)(B).

Here, the Motion was not filed prior to the expiration of the original deadline or within 21 days of the entry that time, which was September 16, 2020, for the First Order, and September 17, 2020, for the Confirmation Order. Further, even if the Motion had been

2

filed timely, the Court would not have been permitted to extend the time to appeal the First Order to the extent that it lifted the automatic stay, or the Confirmation Order. *See* Fed. R. Bankr. P. 8002(d)(2)(A), (F) (stating that the bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from grants relief from the automatic stay under § 362 or confirms a plan under § 1325 of the Code).

As to the request for a stay pending appeal, Rule 8007 provides that the bankruptcy court may stay an order pending appeal. Fed. R. Bankr. P. 8007(a). "The four criteria for a stay pending appeal are: (1) Whether the movant has made a showing of likelihood of success on the merits; (2) Whether the movant has made a showing of irreparable injury if the stay is not granted; (3) Whether the granting of the stay would substantially harm the other parties; and (4) Whether the granting of the stay would serve the public interest." *In re Alexander*, 2006 WL 6589871, at *1 (Bankr. N.D. Ga. Aug. 23, 2006) (citing *In re First South Savings Association*, 820 F.2d 700 (5th Cir.1987); *In re Grand Jury Proceedings*, 689 F.2d 1351 (11th Cir.1982); *Ruiz v. Estelle*, 666 F.2d 854 (5th Cir.1982)("Ruiz II "); *Pitcher v. Laird*, 415 F.2d 743 (5th Cir.1969)); *In re Sw. Recreational Indus.*, 2008 WL 7874256, at *1 (Bankr. N.D. Ga. July 14, 2008). "The most significant of the four criteria is the likelihood of success on appeal." *Alexander*, 2006 WL 6589871, at * 1.

In the instant case, Debtor has not addressed the applicable factors in any way. She does not state the basis for her appeal or present any facts or argument regarding her likelihood of success on appeal. Debtor has given the Court no basis to reexamine the

factual findings and legal conclusions it reached after an evidentiary hearing and set forth in a detailed, 21-page order.  Further, Debtor does not state that she faces any pending action that would result in irreparable injury if the stay is not granted.  In fact, it appears from the docket of this case that FNMA, or its successor, has voluntarily agreed not to pursue any action with regard to Debtor's real property for the next year.  (Doc. 156) (notice of one-year forbearance under the CARES Act with regard to loan secured by 2270 Charleston Place, Lithia Springs, Georgia 30122).  Accordingly, the Court has no basis to conclude that Debtor would suffer irreparable harm if a stay is not granted until her appeal has been resolved.  Consequently, Debtor has "failed to show that consideration of the other factors is so heavily tilted in [her] favor that a stay pending appeal should be granted without a showing of likelihood of success on the merits."  *In re Dye*, 2007 WL 7143402, at *5 (Bankr. N.D. Ga. July 24, 2007).

For these reasons, it is hereby

ORDERED that the Motions DENIED.

### END OF DOCUMENT

**Distribution List**

**All parties on the Court's Mailing Matrix**